**IN THE COURT OF APPEALS OF IOWA**

No. 19-0298
Filed June 5, 2019

**IN THE INTEREST OF O.C.,**
**Minor Child,**

**A.C.J., Mother,**
    Appellant,

**E.O.R., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother and father each appeal the juvenile court order terminating their parental rights. **AFFIRMED.**

Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant mother.

Jacob L. Mason of JL Mason Law, PLLC, Ankeny, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Erin E. Mayfield of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother and father each appeal the termination of their parental rights. We find there is substantial evidence in the record to support termination of the mother's parental rights, an extension of time would not be in the child's best interests, an exception to termination should not be applied, and the State engaged in reasonable efforts to reunite the mother and the child. We also find there is substantial evidence in the record to support termination of the father's parental rights and termination is in the child's best interests. We affirm the decision of the juvenile court.

## I.  Background Facts & Proceedings

A.C.J., mother, and E.O.R., father, are the parents of O.C., born in 2012. In May 2017, the mother tested positive for methamphetamine. A hair test of the child was also positive for methamphetamine. The child has some behavioral problems and the mother had problems managing the child's behavior. On May 19, 2017, the child was removed from the mother's care and placed in foster care. The child was adjudicated to be in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) and (n) (2017).

The father had one visit with the child after the CINA adjudication, then told social workers he did not want to participate in services and did not want any additional visits. The child recognized the father only as a friend. The father may have had "unofficial" contact with the child while the child was visiting the mother.

The mother entered a substance-abuse treatment program. In December 2017, the mother became very emotional with a service provider and stated, in front of the child, she was no longer willing to "jump through hoops"; she stated

3

she would not provide a drug screen and would no longer participate in services or visitation. The child's behavioral problems became worse following this incident. The mother later told service providers she changed her mind and would again participate in services and visitation.

On January 25, 2018, the mother filed a motion for a hearing on reasonable efforts. She claimed the Iowa Department of Human Services (DHS) had improperly restricted her visitation with the child. After a hearing, the juvenile court found, "the State has provided the mother with reasonable efforts" and denied the mother's motion. The court stated reasonable efforts had included "supportive services and appropriate visits—including semi-supervised."

On May 18, the juvenile court entered an order granting the mother an additional six months to work on reunification. The child was returned to the mother's care on June 1. The child was removed again on June 5, after the mother tested positive for cocaine and methamphetamine, and returned to foster care. The mother started a new substance-abuse treatment program in September.

On October 9, the State filed an application to terminate the parents' rights. At the termination hearing, held on November 26, the mother testified she had used illegal drugs about fifteen days before the termination hearing. In October and November the mother missed several visits.

The juvenile court terminated the parental rights of the mother pursuant to Iowa Code section 232.116(1)(f) (2018) and the father pursuant to section 232.116(1)(e) and (f). The court found, "Throughout the course of this case, the State made reasonable efforts to reunify the family safely by completing the case plan successfully." The court found termination of the parents' rights is in the

child's best interests. The court also found no exceptions to termination should be applied. The mother and father each appealed the juvenile court's order.

## II.     Standard of Review

We review termination-of-parental-rights cases de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Clear and convincing evidence means there are "no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III.     Mother

**A.**     The mother claims the termination of her parental rights under section 232.116(1)(f) is not supported by the evidence. The mother does not dispute the first three elements of section 232.116(1)(f), but claims the State did not sufficiently prove the last element of this section, stating the child could be returned to her care. *See* Iowa Code § 232.116(1)(f)(4).

We find there is clear and convincing evidence to show the child could not be safely returned to the care of the mother. The mother testified at the termination hearing she used illegal drugs about two weeks before the hearing. The evidence showed the mother was unable to maintain sobriety, although she had multiple treatments for substance abuse. Also, the mother missed several visits in the months before the hearing. Furthermore, the mother had little insight into

addressing the child's behavioral problems. We find the mother's rights were properly terminated under section 232.116(1)(f).

**B.** The mother claims she should have been given a six-month extension to work on reunification with the child. We note the mother was given a six-month extension on May 18 and the child was temporarily returned to her care on June 1, but the child was removed again on June 5 because the mother had a positive drug test for cocaine and methamphetamine. This attempt to give the mother more time was unsuccessful. The evidence does not show it is likely the current situation, where the mother is unable to care for the child, would be resolved within six months. "[P]atience with parents can soon translate into intolerable hardship for their children." *J.E.*, 723 N.W.2d at 800. We find it would not be in the child's best interests to give the mother additional time.

**C.** The mother claims the juvenile court should have decided to not terminate her parental rights based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c) (providing the juvenile court may decide to not terminate parental rights if the court finds, "There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). The mother states she has a close bond with the child and has demonstrated the ability to support and nurture the child.

"'The factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" *In re A.M.*,

843 N.W.2d 100, 113 (Iowa 2014) (citation omitted). We agree with the juvenile court's statements, "Termination of the mother and the father's parental rights is in the child's best interest and less detrimental than the harm caused by continuing the parent-child relationship. There are no compelling reasons to maintain the parental rights and no exceptions that outweigh termination being in the child's best interest." We find the exception in section 232.116(3)(c) should not be applied in this case.

**D.**     The mother claims the State did not engage in reasonable efforts to reunite her with the child. She claims the State did not do enough to provide her with housing, transportation, or drug counseling. "[I]n considering the sufficiency of evidence to support termination, our focus is on the services provided by the state and the response by [the parent], not on services [the parent] now claims the DHS failed to provide." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000).

The juvenile court fully addressed the issue of reasonable efforts in the termination order. The court listed the services provided to the mother and concluded, "The Court specifically denies the mother's claim DHS 'failed to provide even minimal assistance with housing, employment, or drug counseling.' Professionals have repeatedly supported the mother in these endeavors. Either she was unable and/or unwilling to accept their services." We find the mother did not fully engage with the services offered to her. We conclude the services provided by the State were reasonable and appropriate.

**IV.     Father**

**A.**     The father claims there is not sufficient evidence in the record to support termination of his parental rights under section 232.116(1)(e) and (f).

"When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will focus on the termination of the father's rights under section 232.116(1)(e). A parent's rights may be terminated under section 232.116(1)(e) when the juvenile court finds there has been a CINA adjudication, the child has been removed for at least six months, and "[t]here is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so."

The child was adjudicated CINA and was removed from the home for more than six months. Iowa Code § 232.116(1)(e)(1)–(2). Section 232.116(1)(e)(3) provides:

> "[S]ignificant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

The evidence shows the father did not take any affirmative steps to assume the duties of parenthood. The father refused to participate in services and would not engage in regular visitation with the child. We conclude his parental rights were properly terminated under section 232.116(1)(e).

**B.** The father claims termination of his parental rights is not in the best interests of the child. In considering a child's best interests, we "give primary

consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

The juvenile court found, "The father does not have a relationship with [the child]. The father has chosen to not be involved in services or participate in visits with his [child]." The father had one visit with the child, then told service providers he did not want to participate in services or have any further visits with the child. During this one visit, the child recognized the father as a friend rather than as father. We determine termination of the father's parental rights is in the child's best interests.

We affirm the juvenile court's decision terminating the parental rights of the mother and father.

**AFFIRMED.**